By the Court. Oakley, Ch. J.
Several suits were instituted by the plaintiffs, who were auctioneers in the city of New York, against the defendants and others respectively, to recover the amounts of purchases by them at an auction sale. After the causes were at issué, and after they had been noticed for trial, for the October term, in 1848, but before notes of issue had been filed, a stipulation was entered into between the parties, by which it was agreed that the several suits should abide the •event of the first one tried, which was ultimately that ef the defendants, Main & Co, The causes were also noticed again for the December and January term following, but at neither ef the three terms were notes of issue filed, except in the case against the defendants Main <fc Co. The suit resulted in favor •of the plaintiffs. Upon the taxation of hosts, it was urged that *738 the plaintiffs were not entitled to the counsel fee for attehdancS in those causes which were not placed on the calendar. Thé taxing officer, however, allowed it. The defendants appeal from that decision.
We See no reason for disturbing the decision Of the taxing Officer. We think the costs properly allowed. .R'he causeé havitig been noticed for trial, the plaintiffs had a right to hold the defendants to the effect of the notice. The Stipulation entered into, was purely for the benefit of the defendants. It is the practice to construe the Allowance of Counsel fees for attendance at the terms, in a liberal way. Oftentimes terms fall through from various causes, but that is never deeitied to be a good reason for rejecting this item in the bill of costs.
Another question comes before us upon the taxation in ond Of the cases, that of Seaman & BrOwn. it was Stipulated between the parties^ that judgment might be entered tip in all the suits fot the amount annexed to each catise, with interest' from May, 1848. In the Suit against Seaman & BrOwn, the' amount annexed was $235, but with the interest amounted td Over $250, and the Costs were taxed on the higher scale, agreeably to the latter amount. We think the principle Of taxation adopted, was the correct one. The Stipulation is, thstt judgment may be entered for the aitiount dtie, with interest. Of cotirse,1 the ititerest was to be estimated, and added to the verdict, and costé should he taxed accordingly;